IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARA FRAGA, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIUM RETAIL SERVICES, INC.,<br><br>Defendant. | Civil Action No.:<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Sara Fraga ("Plaintiff"), through her undersigned counsel, individually and on behalf of all others similarly situated, files this Collective and Class Action Complaint ("Complaint") against Defendant Premium Retail Services, Inc. ("Defendant" or "Premium Retail") seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and Massachusetts law. The following allegations are made on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

INTRODUCTION

1.  Defendant Premium Retail Services, Inc., is a retail solutions company that provides retail merchandising, strategy, and support to companies nationwide. Premium Retail employs individuals, such as Plaintiff and those similarly situated, to audit and stock product, build product displays, and update product pricing and signage.

2.  This case is about Premium Retail's failure to comply with applicable federal and state wage laws, as well as its failure to properly pay Plaintiff and similarly situated individuals who have worked for Premium Retail in the job titles of Retail Specialist, Retail Zone Specialist,

Retail Merchandiser, Reset Team Lead, Merchandising Team Member, and other similar roles, however titled (collectively, "Merchandisers"), for all the time they have worked—including all overtime hours worked—as was required to display products in retail outlets and promote the sale of Premium Retail's clients' products.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claims because those claims derive from a common nucleus of operative facts.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant conducts business in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiff Sara Fraga is a citizen of Massachusetts. Plaintiff worked for Defendant as a Merchandiser in Massachusetts, Connecticut, and New York from approximately December 2020 to January 2021. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to participate in this action. *See* Exhibit A.

7. Defendant Premium Retail Services, Inc. is a registered Missouri corporation that does business in the Commonwealth of Massachusetts. Premium Retail provides merchandising support to retailers as a third-party labor agency nationwide. Defendant's clients include, for example, Best Buy, Walgreens, Rite Aid, and Ulta. *See* https://premiumretail.com/ (last visited May 7, 2021).

8. Defendant's corporate headquarters is located at 618 Spirit Drive, Chesterfield,

Missouri, 63005.

9. Defendant employed Plaintiff and continues to employ similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d). *See also* 29 C.F.R. 791.2(a).

10. The unlawful acts alleged in this Complaint were committed by Defendant or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

11. During all times relevant hereto, Plaintiff was an employee of Defendant and is covered by the FLSA.

12. Defendant is an employer covered by the FLSA.

13. Defendant employs individuals, including Merchandisers, in Massachusetts, as well as other states.

14. Defendant employs individuals engaged in commerce or in the production of goods for commerce or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

15. Defendant's annual gross sales exceed $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

16. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following collective:

> All current and former non-exempt employees who were paid by Premium Retail Services, Inc. to perform merchandising services in the United States during the applicable limitations period (the "FLSA Collective").

17. Plaintiff brings Counts II, III, IV, and V (the Massachusetts state law claims) as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and the following class:

>All current and former non-exempt employees who were paid by Premium Retail Services, Inc. to perform merchandising services in the Commonwealth of Massachusetts during the applicable limitations period (the "Massachusetts Class").

18. The FLSA Collective and the Massachusetts Class are together referred to as the "Classes" and the members of the Classes as "Class Members."

19. Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as may be warranted or necessary based upon discovery or otherwise.

## FACTS

20. Defendant provides retail merchandising, strategy, support, and advocacy solutions to retailers nationwide.

21. Defendant provides retail merchandising services to retail store companies who have made the business decision not to conduct their merchandising internally and instead rely on third-party labor agencies such as Defendant. *See* https://premiumretail.com/merchteam/ (last visited Apr. 16, 2021).

22. On a weekly basis, Defendant deploys thousands of Merchandisers across all 50 states to visit more than 8,000 retail locations. *See* https://premiumretail.com/merchteam/ (last visited May 7, 2021).

23. Plaintiff and Class Members were employed by Defendant as non-exempt employees to perform merchandising services for Defendant's clients.

24. Merchandisers' primary job duties include but are not limited to auditing and stocking product, building product displays, and updating product pricing and signage.

25. Plaintiff worked as a Merchandiser for Defendant from approximately December 2020 to January 2021 in Massachusetts, Connecticut, and New York, providing retail merchandising services to Defendant's customers throughout those states.

26. Defendant paid Plaintiff and Class Members only for work performed from the time

they arrived at each jobsite until the time they left. Defendant did not pay Plaintiff and Class Members properly for their travel time between multiple jobsites during the workday.

<u>Defendant Failed to Pay for Time Spent Driving Between Jobsites During the Workday</u>

27. Plaintiff and Class Members were regularly required to drive between different jobsites during the workday. Plaintiff and Class Members, however, were not compensated for their travel between jobsites during the workday.

28. Defendant assigns Merchandisers, including Plaintiff and Class Members, to a zone of store locations based primarily on the Merchandiser's geographic location. Merchandisers then fulfill their job assignments by traveling to these preassigned jobsites weekly.

29. A jobsite is typically a big-box retailer where Merchandisers may be asked to perform several types of projects for Defendant's clients, such as building product displays or updating pricing and signage.

30. Plaintiff's typical workday often included travel to multiple retailers, which could be up to or greater than five (5) retailers in the same workday.

31. Upon arrival to each jobsite, Plaintiff and Class Members clock in using QTrax, which is an enterprise management system utilized by Defendant to perform a variety of in-house and client-facing functions, including job assignments to Merchandisers.

32. Upon departure from each jobsite, Plaintiff and Class Members clock out using QTrax.

33. The length of Plaintiff's assignment at each jobsite varied from as short as thirty (30) minutes to as long as seven (7) hours.

34. Plaintiff spent up to two (2) hours or more commuting between jobsites during each workday. The assigned jobsites between which Plaintiff drove during her workday were often thirty

(30) minutes or more apart.

35. Routine road traffic and occasional dangerous driving conditions often triggered longer drive times between jobsites.

36. Defendant does not include time that Merchandisers spend driving for Defendant between different jobsites during the workday in its computations of hours worked.

37. This uncompensated drive time is integral and indispensable to Plaintiff's and Class Members' main job duties, was required by Defendant, and was performed for Defendant's benefit.

38. Plaintiff's and Class Members' drive time is compensable under the continuous-workday rule because this time spent transporting between Defendant's jobsites during the workday is solely for the benefit of Defendant.

39. Defendant's systematic practice of not paying Plaintiff and Class Members for time spent driving between jobsites during the workday deprived Plaintiff and Class Members of wages earned, including minimum wage, straight time, and overtime compensation.

40. The unpaid time spent driving between Defendant's jobsites, including overtime, is more than *de minimis*.

### Plaintiff and Class Members Worked Off-The-Clock

41. Plaintiff and Class Members routinely worked off-the-clock each workweek.

42. Once merchandising job assignments are disseminated via QTrax, Merchandisers are responsible for meeting Defendant's job assignment deadlines as agreed between Defendant and its customers.

43. Part of Plaintiff's and Class Members' job duties include mapping out job assignments, opening and sorting shipped point-of-purchase ("POP") displays required by each job assignment prior to arriving at each jobsite, taking stock of material required by each job

assignment, and matching displays with the appropriate project.

44. The POP displays include but are not limited to print coupons and signage aimed at highlighting and advertising Defendant's clients' products to customers.

45. POP displays are work supplies typically required for performing Merchandisers' work activities.

46. For example, Plaintiff recalls that she spent approximately one (1) to two (2) hours each workday mapping out assignments and preparing all necessary POP displays. Plaintiff understood that other Class Members engaged in similar assignments at the direction of Defendant.

47. Defendant, however, paid Plaintiff and Class Members *only* for work performed from the time they arrived at each worksite until the time they left the jobsite.

48. Defendant's practice of not paying Plaintiff and Class Members for work that they performed off-the-clock deprived Plaintiff and Class Members of wages earned, including minimum wage, straight time, and overtime compensation.

Class Members Are Not Paid Overtime Compensation

49. Plaintiff and Class Members regularly worked more than forty (40) hours per week.

50. Plaintiff estimates that she worked approximately sixty (60) to seventy-five (75) hours or more per week. Plaintiff observed other Class Members working similar hours at the direction of Defendant.

51. Plaintiff and Class Members regularly worked four (4) to seven (7) days per week.

52. Defendant did not pay Plaintiff and Class Members for all hours worked in excess of forty (40) hours in a workweek.

53. Towards the end of her employment, Plaintiff was paid approximately $14 per hour and was not paid minimum wage, her regular rate, or an overtime premium for all hours worked

over forty (40) hours in a workweek, despite regularly working approximately sixty (60) to seventy-five (75) hours or more per week.

54. Plaintiff observed that other Class Members were paid similarly.

55. Defendant's pay policy, in which Plaintiff and other Merchandisers are not compensated for all time worked and are not paid an overtime premium for all hours worked in excess of forty (40) hours per workweek, does not comply with the requirements of the FLSA or state law.

Defendant's Failure to Properly Pay Merchandisers Is Willful

56. Defendant's actions in violation of the FLSA have been willfully made to avoid liability under the FLSA and to decrease the amount of compensation that Defendant pays overall to its Merchandisers.

57. Despite being able to track Plaintiff and Class Members' job assignments, Defendant has failed to make, keep, and preserve records with respect to Plaintiff and other Merchandisers sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by law. *See, e.g.*, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

58. Even though the FLSA and applicable state law require overtime premium compensation for hours worked over forty (40) per week, Defendant did not pay Merchandisers, such as Plaintiff and Class Members, overtime premium compensation for all overtime hours worked over forty (40) per week.

59. Defendant knew, or absent its own recklessness should have known, that Merchandisers were entitled to such overtime premiums.

60. Defendant has failed to pay Plaintiff and Class Members all overtime compensation owed.

61. By failing to pay all overtime compensation owed to Plaintiff and Class Members, Defendant has acted willfully and with reckless disregard for clearly applicable FLSA and state law provisions.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

63. Plaintiff desires to pursue her FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

64. Plaintiff and the FLSA Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, among other things, all such individuals worked pursuant to Defendant's previously described common pay practices and as a result of such practices were not paid the full and legally mandated overtime premium for all hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, without limitation, Defendant's common compensation, timekeeping, and payroll practices.

65. Defendant failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) hours per workweek.

66. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records.

67. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail, email, and other appropriate means, and should be allowed to receive

notice of this lawsuit and opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

68. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Massachusetts Class as defined above.

69. The members of the Massachusetts Class are so numerous and dispersed that joinder of all members is impracticable. Upon information and belief, there are more than fifty (50) members in the Massachusetts Class.

70. Plaintiff will fairly and adequately represent and protect the interests of the Massachusetts Class because there is no conflict between the claims of Plaintiff and those of the Massachusetts Class, and Plaintiff's claims are typical of the claims of the Massachusetts Class. Plaintiff's undersigned counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage-and-hour cases like the one at bar.

71. There are questions of law and fact common to the proposed Massachusetts Class, which predominate over any questions affecting only individual Class members, including, without limitation:

    a. whether Defendant violated and continues to violate federal and Massachusetts law through its policies and practices of not paying its Merchandisers for all hours worked;

    b. whether Defendant violated and continues to violate federal and Massachusetts law through its policies and practices of not paying its Merchandisers appropriate overtime compensation; and

   c.  whether Defendant violated and continues to violate federal and Massachusetts law through its policies and practices of not paying its Merchandisers at the applicable minimum wage.

72. Plaintiff's claims are typical of the claims of the Massachusetts Class in the following ways, without limitation:  (a) Plaintiff is a member of the Massachusetts Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Massachusetts Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Massachusetts Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Massachusetts Class; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Massachusetts Class members.

73. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Massachusetts Class predominate over any questions affecting only individual Class members.

74. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Massachusetts Class members are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Massachusetts Class would create the risk of inconsistent or varying

adjudications with respect to individual Massachusetts Class members that would establish incompatible standards of conduct for Defendant.

75. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Massachusetts Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

76. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Massachusetts Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## Violation of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

77. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

78. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1).

79. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

80. At all relevant times, Defendant is an "employer" engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA. *See* 29 U.S.C. § 203.

81. At all relevant times, Plaintiff and Collective Members have been covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

82. Plaintiff and Collective Members are not exempt from the requirements of the FLSA.

83. Plaintiff and Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

84. Defendant's compensation scheme applicable to Plaintiff and Collective Members failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

85. Defendant knowingly failed to compensate Plaintiff and Collective Members for all hours worked when they worked in excess of forty (40) hours per week and failed to pay proper overtime premiums at a rate of one and one-half (1½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

86. Defendant also failed to make, keep, and preserve records with respect to Plaintiff and Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

87. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

88. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

### COUNT II
### Violation of the Massachusetts Minimum Fair Wage Law (Overtime)
### (On Behalf of Plaintiff and the Massachusetts Class)

89. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

90. The Massachusetts Minimum Fair Wage Law requires that employees be

compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half times (1 ½) the employee's regular rate of pay. Mass. Gen. L. c. 151 § 1A.

91. Defendant's conduct, as set forth above, in failing to pay Plaintiff and Massachusetts Class members overtime wages which they earned as a result of their employment violates the Massachusetts Minimum Fair Wage Law, Mass. Gen. L. C. 151 § 1A. This claim is brought pursuant to Mass. Gen. L. C. 151 § 1B.

92. Consistent with Mass. Gen. L. c. 149 § 150, Plaintiff filed a wage claim with the office of the Massachusetts Attorney General, which issued a right-to-sue letter on May 4, 2021.

93. As a result of Defendant's violation of the Minimum Fair Wage Law, Plaintiff and Massachusetts Class members have incurred harm and loss in an amount to be determined at trial, along with mandatory treble damages, attorney's fees, and costs of litigation. Mass. Gen. L. c. 149 § 150.

## COUNT III
### Violation of the Massachusetts Minimum Fair Wage Law (Timely Wage Payment)
### (On Behalf of Plaintiff and the Massachusetts Class)

94. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

95. As set forth above, Defendant violated the Massachusetts Minimum Fair Wage Law by failing to timely pay Plaintiff and Massachusetts Class members all wages due to them as such wages became due and payable.

96. Defendant's failure to pay overtime wages as required by Mass. Gen. L. c. 151 § 1A caused Plaintiff and Massachusetts Class members to be deprived of the full amount of their earned wages when such wages became due and payable.

97. Defendant's failures to timely pay due and payable wages were repeated, knowing, and willful.

98. As a result of Defendant's violation of the Minimum Fair Wage Law, Plaintiff and Massachusetts Class members have incurred harm and loss in an amount to be determined at trial, along with mandatory treble damages, attorney's fees, and costs of litigation. Mass. Gen. L. c. 149 § 150.

## COUNT IV
### Violation of the Massachusetts Minimum Fair Wage Law (Minimum Wage)
### (On Behalf of Plaintiff and the Massachusetts Class)

99. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

100. The Massachusetts Minimum Fair Wage Law requires that employees be compensated for all hours worked at the full Massachusetts minimum wage, which became $13.50 per hour effective January 1, 2021. Mass. Gen. L. c. 151 § 1.

101. Defendant's conduct, as set forth above, in failing to pay Plaintiff and Massachusetts Class members the minimum wage which they earned as a result of their employment, violates the Massachusetts Minimum Fair Wage Law, Mass. Gen. L. c. 151 §§ 1, 7. This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

102. As a result of Defendant's violation of the Minimum Fair Wage Law, Plaintiff and Massachusetts Class members have incurred harm and loss in an amount to be determined at trial, along with mandatory treble damages, attorney's fees, and costs of litigation. Mass. Gen. L. c. 149 § 150.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks the following relief on behalf of herself and all others similarly situated:

    a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

c.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Massachusetts Class;

d.  Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages);

e.  Prejudgment and post-judgment interest to the fullest extent permitted under the law;

f.  All compensatory damages due under the FLSA or Massachusetts law, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts;

g.  Liquidated damages to the fullest extent permitted under the law;

h.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

i.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: May 7, 2021                            Respectfully submitted,

/s/ Jason M. Leviton
Jason M. Leviton (BBO# 678331)
Nate Silver (BBO# 693968)
BLOCK & LEVITON LLP
260 Franklin Street, Suite 1860
Boston, Massachusetts 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jason@blockleviton.com
nate@blockleviton.com

Shanon J. Carson, *pro hac vice forthcoming*
Camille Fundora Rodriguez, *pro hac vice forthcoming*
Alexandra K. Piazza, *pro hac vice forthcoming*
Daniel F. Thornton, *pro hac vice forthcoming*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600

Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4620
scarson@bm.net
crodriguez@bm.net
apiazza@bm.net
dthornton@bm.net

*Attorneys for Plaintiff and the Proposed Classes*